TAD S. SHAPIRO, ESQ. (SBN 096179)
SHAPIRO, GALVIN, SHAPIRO & MORAN
640 Third Street, Second Floor
P.O. Box 5589
Santa Rosa, CA  95404-5589
Telephone:  (707) 544-5858
Facsimile:   (707) 544-6702

Attorneys for Plaintiffs: J.K., a minor
and C.K., a minor by and through
their Guardian ad Litem,
Delessia Kincade, and Delessia Kincade,
individually and as successor in interest
to Charles Kincade, deceased

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.K. a minor, C.K., a minor, by and through their Guardian ad Litem, Delessia Kincade and Delessia Kincade, individually, and as successor in interest to Charles Kincade, deceased,<br><br>        Plaintiffs,<br><br>   v.<br><br>Vine Cliff Winery, Inc. and Thomas Stafford,<br><br>        Defendants. | Case No.: 3:21-cv-04154-JCS<br><br>COMPLAINT FOR DAMAGES, GENERAL NEGLIGENCE, WRONGFUL DEATH/SURVIVAL DAMAGES: DEMAND FOR JURY TRIAL |

Plaintiffs J.K. and C.K., minors by and through their Guardian ad Litem, Delessia Kincade, and Delessia Kincade individually and as successor in interest of Charles Kincade, deceased complain of defendants and each of them as follows:

///

# FIRST CLAIM FOR RELIEF
(General Negligence/Premises Liability against Defendants Vine Cliff Winery, Inc and Thomas Stafford)

1. At all times mentioned herein plaintiffs Delessia Kincade, J.K. a minor and C.K., a minor were and now are citizens and residents of the state of Georgia. At all times mentioned herein, plaintiff J.K. was and is a minor whose year of birth is 2004. At All times mentioned herein plaintiff C.K. was and is a minor whose year of birth is 2005.

2. At all times mentioned herein Delessia Kincade was the wife of Charles Kincade, deceased; J.K., a minor and C.K., a minor were the son and daughter of Charles Kincade, deceased.

3. At all times mentioned herein Delessia Kincade was the successor in interest to Charles Kincade deceased within the meaning of California Code of Civil Procedure §§ 377.11

4. Concurrent with the filing of this action plaintiff Delessia Kincade was duly appointed as Guardian ad Litem for J.K. and C.K., minors.

5. At all times mentioned herein, J.K., a minor, C.K., a minor and Delessia Kincade were the sole heirs of Charles Kincade, deceased within the meaning of California Code of Civil Procedure §377.60(a).

6. At all times mentioned herein, defendant Vine Cliff Winery, Inc., (Vine Cliff) was a for profit corporation in the business of growing grapes, making wine, selling wine, operating a tasting room and holding events on its property with its principal place of business located at 7400 Silverado Trail, Napa, Napa County, California.

7. At all times herein mentioned, said defendant was and is a corporation organized and existing under and by virtue of the laws of the State of California authorized to do and doing business in the County of Napa, Northern District of California.

8. At all times mentioned herein, defendant, Thomas Stafford (Stafford) was a chef employed by defendant, Vine Cliff, an adult and resident of the County of Napa, Northern District of California.

## JURISDICTION

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Plaintiffs are citizens of the state of Georgia and defendants are citizens of the state of California.

## VENUE

10. Venue is proper in the Northern District of California pursuant to 28 USC 1391 as Plaintiffs' decedent's injury and death occurred in said District.

## INTRA DISTRICT ASSIGNMENT

11. Assignment to the San Francisco Division is proper as this action arose in Napa County

## GENERAL ALLEGATIONS.

12. On or about June 7, 2019, Charles Kincade, deceased, traveled from Georgia to Napa at the request of defendants Stafford and Vine Cliff to assist them in preparing and serving a dinner at Defendant Vine Cliff's winery for

customers of Defendant Vine Cliff.  The dinner took place on June 8, 2019. Charles Kincade assisted defendants in preparing and presenting the dinner.

13.  On June 9, 2019 Charles Kincade, deceased and defendant Stafford went to defendant Vine Cliff's winery at 7400 Silverado Trail, Napa, California. They drank wine and thereafter went to a barn on said property which housed a Honda Rancher ATV owned by defendant, Vine Cliff.

14.  While in the barn defendant Stafford obtained the keys to said Honda Rancher ATV and drove Charles Kincade on the Honda Rancher ATV to a location on said property where defendant Stafford worked and then drove to the guest house on the property.

15.  At all times mentioned herein, defendant Stafford controlled the use of said Honda Rancher ATV.

16.   Plaintiffs are informed and believe and based thereon allege that on June 9, 2019 defendant Stafford was legally precluded from drinking alcohol and operating a motor vehicle.  At all times mentioned herein the Honda Rancher ATV was a motor vehicle within the meaning of California Vehicle Code § 415.

17.   At all times mentioned herein defendant Stafford was acting in the course and scope of his employment with defendant Vine Cliff.

18.   On said date defendant Stafford entrusted the Honda Rancher ATV to Charles Kincade and went inside the guest house. No helmet was provided to Charles Kincade. The Honda Rancher ATV did not have seatbelts. No

supervision in the operation and use of the Honda Rancher ATV was provided by defendant Stafford to Charles Kincade.

19.  On said date Charles Kincade drove the Honda Rancher ATV on a paved path approximately seven feet wide near the guest house. While doing so the left front and rear wheels of the Honda Rancher went off the paved path into a drainage ditch filled with gravel adjacent to said path and when Charles Kincade attempted to return the Honda Rancher ATV to the path, it crashed into a tree within several feet of the paved path resulting in severe physical injuries from which Charles Kincade initially survived but ultimately died.

20.  At the time of his death, Charles Kincade was 35 years old, his date of birth being June 26, 1983.

21.  At all times mentioned herein, defendants Vine Cliff, Stafford their agents, employees, consultants and independent contractors negligently and carelessly owned, operated, maintained, repaired, controlled, equipped, supervised, entrusted and otherwise controlled the use of the Honda Rancher ATV and permitted said Honda Rancher ATV to be available to defendant Stafford on June, 9, 2019, despite his having consumed alcohol that morning, despite there being no real need for defendant Stafford's use of the Honda Rancher ATV, and despite defendant Stafford's preclusion from drinking alcohol and operating a motor vehicle. Said defendants otherwise negligently acted or failed to act so as to permit defendant Stafford to permit Charles Kincade, deceased to operate said Honda Rancher ATV when defendant

Stafford knew Charles Kincade had consumed alcohol, and appropriate safety equipment had not been provided to Charles Kincade.

22.    At all times mentioned herein, defendant Vine Cliff its agents, employees, consultants and independent contractors negligently and carelessly designed, owned, constructed, built, maintained, repaired, inspected, failed to inspect, warned, failed to warn and otherwise exercised control over the paved path near the guest house so as to cause dangerous conditions of said path to exist: the paved path was narrow requiring any vehicle to drive close to the edge of the pavement so it was foreseeable that motor vehicles would drive off the paved path and an excessive drop off from the edge of said path to the adjacent drainage ditch would cause a motor vehicle to lose traction and control causing it to strike a nearby tree. Said tree was within several feet of the paved path and as a result there was no clear recovery zone should a vehicle go off the narrow paved path, attempt to regain control and return to the path as happened in this case.  At all times mentioned herein said defendants knew or in the exercise of reasonable diligence should have known of the referenced dangerous conditions a sufficient time before June 9, 2019 to remedy said conditions as they created, built, owned and used the path for motor vehicles including the Honda Rancher ATV.

23. At all times mentioned herein, defendant Vine Cliff its agents, employees consultants and independent contractors negligently and carelessly owned, operated, maintained, serviced, failed to service, equipped and failed to equip

said Honda Rancher ATV as there was inadequate safety equipment available for use with said Honda Rancher ATV including but not limited to a protective helmet and there was no seatbelt for the operator or passenger for said ATV.

24.  At all times mentioned herein, defendants Vine Cliff and Stafford had a special relationship with Charles Kincade by reason of his work at the winery in connection with the dinner on June 8, 2019, requesting he travel from Georgia to Napa for the event, and his presence at the winery on June 9, 2019 with Defendant Stafford.  As such, defendants and each of them had an affirmative duty to protect Charles Kincade, deceased from harm.  By reason of the foregoing said defendants failed to fulfill said duty.

25.  At all times mentioned herein, defendants' acts and omissions alleged above were grossly negligent

26.  At all times mentioned herein defendants' acts and omissions alleged above increased the risk of operating the Honda Rancher ATV and were reckless.

27.  At all times mentioned herein defendant Vine Cliff had a non-delegable duty to maintain its premises and equipment including the Honda Rancher ATV in a safe condition. By reason of the foregoing said defendant breached said non-delegable duties.

28.  At all times mentioned herein defendant Vine Cliff negligently and carelessly hired, supervised, monitored and retained defendant Stafford. Plaintiffs are informed and believe defendant Vine Cliff did not discipline

defendant Stafford after the subject incident and therefore ratified his conduct.

29. As a direct and proximate result of the negligence and carelessness of defendants Vine Cliff and Stafford their grossly negligent and reckless conduct, their failure to fulfill their special relationship duties, their increasing the risk of operating the Honda Rancher ATV, their breach of non-delegable duties, and other conduct hereinabove alleged, plaintiffs' decedent, Charles Kincade suffered severe physical injuries including but not limited to head and facial injuries, a cardiac contusion and other physical injuries from which he initially survived but ultimately died.

30. As a further direct and proximate result of the above referenced conduct of defendants and the death of Charles Kincade, Charles Kincade's heirs have suffered the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance, benefits and household services all to the their general or non-economic damage in an amount in excess of the jurisdictional minimum herein for each heir.

31. As a further direct and proximate result of the above referenced conduct of defendants and the death of Charles Kincade, Charles Kincade's heirs have suffered loss of financial support and gifts all to their special or economic damage in an amount in excess of the jurisdictional minimum herein.

32. As a further direct and proximate result of the above referenced conduct of defendants and the death of Charles Kincade, Charles Kincade incurred reasonable and necessary medical expenses for transport to a local trauma

center and care at said trauma center, in an amount in excess of the jurisdictional minimum herein. Charles Kincade's successor in interest, Delessia Kincade seeks recovery of such survival damages.

33. As a further direct and proximate result of the above referenced conduct of defendants and each of them and the death of Charles Kincade, plaintiffs have incurred expenses for a reasonable and appropriate funeral and burial for Charles Kincade, deceased in the amount currently unknown, but believed to be in excess of $20,000.00.

WHEREFORE, plaintiffs pray judgment against defendants and each of them as follows:

1. For general and non-economic damage in an amount in excess of the jurisdictional minimum of $75,000 per plaintiff.

2. For special or economic damages in an amount subject to proof in excess of the jurisdictional minimum herein.

3. For special or economic damages for medical expenses prior to death in an amount in excess of the jurisdictional minimum herein.

4. For funeral and burial expenses in the amount of $20,000.00;

5. For costs of suit incurred herein;

6. For pre-judgment interest at the rate recognized by law; and

///

///

///

7. For such other and further relief as the Court may deem just and proper.

Dated: June 8, 2021               SHAPIRO, GALVIN, SHAPIRO & MORAN

By:_____/S/_____
    Tad S. Shapiro,
    Attorneys for Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs herein demand a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Northern District of California.

Dated: June 8, 2021               SHAPIRO, GALVIN, SHAPIRO & MORAN

By:_____/S/_____
    Tad S. Shapiro,
    Attorneys for Plaintiffs

"I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document"